FARRIS, Circuit Judge,
concurring:
United States v. Piccinonna, 885 F.2d 1529 (11th Cir.1989) (en banc) represented a modification to the rule then in existence requiring per se exclusion of all polygraph evidence. As the majority rightly observes, the Court was careful to emphasize that nothing in its holding was intended to limit the trial court’s discretion to exclude polygraph evidence. 885 F.2d at 1536.
Further, Piccinonna requires that a court inclined to admit polygraph evidence ensure that such evidence comply with the Federal Rules of Evidence. Id. The majority looks to Rule 702, but Rule 403 is also relevant. Two sets of tests were administered: in both sets, the polygraphers first reached inconclusive results and then found Henderson’s answers truthful. The polygraph evidence was such that a trial court, without abusing its discretion, could elect to disallow it as failing to meet the standard of Rule 403. See United States *1309 v. Gilliard, 133 F.3d 809, 815-16 (11th Cir.1998) (polygraph evidence “likely would have diverted the jury’s attention from the real issue in the case, that of the guilt or innocence of the defendant, to the issue of the validity of polygraph evidence in general”).
The record also reflects significant and copious testimony from law enforcement witnesses to the incident (Detective Bennett, in particular), as well as from the victim. Further, there was the testimony of two police officers about Henderson’s incriminating comments after the incident.
The admission of Dr. Scott’s conclusion about the cause of the victim’s jaw injury, if error, was harmless, since the precise nature of the injury is not an element of 18 U.S.C. § 242, the crime with which Henderson was charged. United States v. Stokes, 506 F.2d 771, 774 n. 3 (5th Cir.1975) (violation of § 242 occurs when an action is done under color of state law and force used is unreasonable and unnecessary). Dr. Scott’s causation opinion is, in my view, peripheral at best to the question of Henderson’s guilt. The testimony complained of fails to introduce “grave doubt” as to the verdict. See United States v. Frazier, 387 F.3d 1244, 1267 n. 20 (11th Cir.2004).
In spite of my deep respect for my dissenting brother, I cannot agree, on this record, that Henderson did not receive due process of law or that his trial was fundamentally unfair.